UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SHARITIA LAVELL WRIGHT,<br>Defendant. | No. 2:23-cr-00249-DAD<br><br><u>ORDER DENYING DEFENDANT WRIGHT'S MOTION TO REDUCE SENTENCE AND REQUIRING GOVERNMENT TO RESPOND TO DEFENDANT'S MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255</u><br><br>(Doc. Nos. 69, 71) |

On March 2, 2026, defendant Sharitia Lavell Wright filed a *pro se* motion pursuant to 28 U.S.C. § 2255 in which she disputes the court's $561,316.14 restitution order imposed as part of her sentence and asserts that her trial counsel provided ineffective assistance by failing to request a restitution hearing. (Doc. No. 69.) Therein, defendant argues that the restitution order did not properly account for applicable tax credits, prepaid tax and exemptions that would have reduced the restitution amount and that, in any event, she is destitute and unable to pay restitution which should have been considered by the court. (*Id*. at 2.) On May 4, 2026, defendant filed another *pro se* motion, this one seeking a reduction in her sentence based upon an amendment to §2B1.1(b)(1) of the U.S. Sentencing Guidelines (USSG) which does not go into effect until November 1, 2026. (Doc. No. 71.) The latter motion will be denied as lacking merit. Out of an abundance of caution, the government will be required to respond to the § 2255 motion.

/////

On October 29, 2024, pursuant to a plea agreement, defendant Wright entered a plea of guilty to conspiracy to file false claims in violation of 18 U.S.C. § 286 as charged in Count 1 of the indictment in this case. (Doc. Nos. 38, 42.) The presentence report ("PSR") prepared in defendant's case calculated her total adjusted offense level as 19 under USSG §§ 2T1.1(a)(1) and 2T4.1(I), based upon a total amount of tax loss that would have resulted had the offense been successfully completed of $2,089,164.68. (Doc. No. 50 at 6–7.) Defendant's criminal history was determined to place her in criminal history category I. (*Id*. at 7–8.) The result was an advisory sentencing guidelines range calling for a term of imprisonment of between 30 and 37 months. (*Id*. at 13.) At the sentencing hearing on July 28, 2025, the court sustained the defense objection to a two point upward offense level adjustment for use of sophisticated means under USSG 2T1.1(b)(2) and otherwise adopted the findings of the presentence report, determining that the advisory guideline range in defendant's case called for a term of imprisonment of between 24 and 30 months. (Doc. No. 68 at 4–5.) The court then varied downward from the advisory sentencing guideline range and sentenced defendant Wright to a 15–month term in the custody of the U.S. Bureau of Prisons ("BOP") to be followed by a 36–month term of supervised release and ordered defendant to pay restitution in the amount of $561,216.14, with interest on the restitution amount waived. (Doc. No. 64.) The court entered judgment on September 9, 2025. (Doc. No. 65.) The BOP currently reports defendant Wright to be serving her sentence at a residential reentry management field office with a projected release date of August 13, 2026.

In her second and most recently filed motion, defendant Wright contends that her sentence should be reduced based upon an upcoming amendment to USSG §2B1.1(b)(1). (Doc. No. 71.) This motion is wholly without merit. First, the guideline calculation in defendant Wright's case was not based upon application of USSG §2B1.1(b)(1), but instead involved application of USSG §2T4.1(I). (*See* Doc. No. 50 at 6.) Second, the U.S. Sentencing Commission has specified that the upcoming amendments to the sentencing guidelines will not go into effect until November 1, 2026. Those amendments have not been made retroactive and they have no impact on defendant Wright's sentence which was imposed on July 28, 2025 with respect to criminal conduct that she engaged in between March 2019 and April 2022. Finally, even if the November 2026 amendment

were retroactive, they would have no impact on the guideline calculation in defendant Wright's case. This is because the total tax loss amount in her case, if the offense was successfully completed, was found to be $2,089,164.68. (Doc. No. 50 at 6.) At the time of defendant's sentencing the guidelines provided for a base offense level of 22 where the tax loss was more than $1.5 million and less than $3.5 million. Under the November 2026 amendments, USSG §2T4.1(I) will provide for a base offense level of 22 where the tax loss is more than $2.0 million and less than $5 million. Thus, even if the November 2026 amendments were to be applied retroactively, defendant Wright's base offense level under the sentencing guidelines would remain the same. Accordingly, defendant Wright's motion to reduce her sentence (Doc. No. 71) is denied.

In her first filed motion, brought pursuant to 28 U.S.C. § 2255, defendant Wright claims that she received ineffective assistance when her attorney failed to request a restitution hearing in connection with the restitution order of $561,216.14 imposed at the time of her sentencing. (Doc. No. 69.)[1] Out of an abundance of caution, the court will direct the government to file an opposition to defendant's § 2255 motion by August 24, 2026. Defendant Wright's reply, if any, shall be filed on or before September 7, 2026.

For the reasons explained above, defendant Wright's motion for a reduction of her sentence (Doc. No. 71) is denied. With respect to defendant's § 2255 motion (Doc. No. 69), the parties are directed to comply with the briefing schedule set forth above.

IT IS SO ORDERED.

Dated: **July 13, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

[1] Defendant Wright also contends that the restitution amount of $561,216.14 "drove" her sentence (Doc. No. 69 at 1), suggesting that the amount of restitution was connected to the calculation of her base offense level under the sentencing guideline. This contention is misguided. As noted above, the defendant's sentencing guideline range was calculated based upon a total intended tax loss amount of $2,089,164.68. (Doc. No. 50 at 6.) "Restitution is considered separately under a different standard than the loss amount used for sentencing." *United States v. Zogheib*, No. 21-10310, 2022 WL 15798663, at *1 (9th Cir. Oct. 28, 2022) (citing *United States v. Gossi*, 608 F.3d 574, 579–80 (9th Cir. 2010)).